**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3519-21

SAM'S ROUTE 73, LLC,

     Plaintiff-Appellant,

v.

US BANK CUST FOR PC7
FIRSTRUST, and PC7REO, LLC,

     Defendants-Respondents.

          Submitted November 9, 2023 - Decided December 15, 2023

          Before Judges Accurso and Gummer.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3928-20.

          Law Offices of Igor Sturm, attorneys for appellant (William C. MacMillan, on the briefs).

          Gary C. Zeitz, LLC, attorneys for respondents (Amber Jean Monroe, on the brief).

PER CURIAM

Plaintiff Sam's Route 73, LLC appeals from summary judgment dismissing its complaint against defendants US Bank Cust for PC7 Firstrust, and its assignee PC7REO LLC for negligence and unjust enrichment[1] in connection with a related tax sale foreclosure also decided today:  US Bank Cust for PC7 Firstrust Bank v. Block 5.04, Lot 16 336 White Horse Pike, Bor. of Magnolia, assessed to Sam's Route 73, LLC, No. A-2362-18 (App. Div. Dec. __, 2023).  We affirm, essentially for the reasons expressed in our opinion in that related matter and Judge Polansky's memorandum decision and order of May 13, 2022.

The facts are set forth at length in our opinion affirming judgment to PC7, plaintiff in the tax sale foreclosure, and there is no need to repeat them here.  Suffice it to say that Sam's claims in this matter arise out of PC7's sale of property in Magnolia, formerly owned by Sam's, which PC7 acquired in a tax sale foreclosure when Sam's failed to redeem the tax certificate.  PC7 sold the property to a third-party, Avi Financial, LLC, while Sam's appeal of the tax judgment was pending in this court.

---

[1]  Judge Polansky also dismissed Sam's claims for tortious interference with its property rights, fraud, conversion, and prima facie tort.  Sam's appeals only the dismissal of its negligence and unjust enrichment claims.

Sam's claimed in this action that PC7 had "an obligation and duty to notify this court and Sam's of the impending sale of the property" to Avi and PC7's failure to comply with the notice requirements of Rule 4:5-1(b)(2) and the joinder requirements under Rule 4:28-1 was the "direct and proximate cause of the destruction of Sam's right of redemption." Sam's also claimed PC7 was unjustly enriched when it sold Sam's property "at a time, as matters turned out, it had no right to do so."

Judge Polansky rejected both claims on summary judgment. As to Sam's negligence claim, the judge found that when the General Equity judge entered final judgment in the tax foreclosure, PC7 was vested with title to the property. In the absence of a stay of the judgment, which Sam's never sought, Judge Polansky found "no legal impediment" to PC7's sale of the property to Avi over Sam's lis pendens. Moreover, the judge found the lis pendens statute, N.J.S.A. 2A:15-7, bound Avi to the outcome of the litigation, just as its joinder would have done, see Manzo v. Shawmut Bank, N.A., 291 N.J. Super. 194, 200 (App. Div. 1996), and thus could not, and did not, "destroy" Sam's right of redemption following our remand. The judge noted the General Equity judge's order of abandonment on remand further expressly preserved Sam's right of redemption until final judgment, a right Sam's never exercised.

A-3519-21

Judge Polansky rejected Sam's unjust enrichment claim because Sam's could not show any "reasonable expectation of any renumeration" from PC7, which the judge found Sam's "had essentially been using . . . as an involuntary bank to fund tax payments until [Sam's] decided whether it would redeem the tax lien."  See Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (2016) (explaining a claimant must demonstrate it expected to be remunerated when it conferred the benefit it claims resulted in the unjust enrichment).  The judge found Sam's choices were to redeem in accordance with the Tax Sale Law "or otherwise allow the foreclosure to conclude and allow [PC7] to sell the property, reaping the benefit."  Judge Polansky found that "[w]ithout seeking to redeem the tax lien, [Sam's] had no reasonable expectation of a benefit."

Sam's appeals, reprising the arguments it made to the trial court that Rule 4:5-1(b)(2) applies to PC7's sale to Avi, that our opinion did not revest title in Sam's and that it had "set forth a valid claim for unjust enrichment."  Having reviewed the record in this matter and its related tax foreclosure, we are convinced that none of Sam's arguments is of sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm, essentially for the reasons set forth in Judge Polansky's thorough and thoughtful opinion of May 13, 2022.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3519-21